Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ROBERT CROUSE, Respondent, for Compensation under the Workmen's Compensation Law, v. F. W. KING, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.— Award unanimously affirmed on the authority of *Klein* v. *Stoller & Cook Co.* (220 N. Y. 670); *Fitzpatrick* v. *Blackall & Baldwin Co.* (Id. 671); *Matter of Post* v. *Burger & Gohlke* (216 id. 544); *Hospers* v. *Hungerford-Smith Co.* (194 App. Div. 945; affd., 230 N. Y. 616); *Gardner* v. *Horseheads Construction Co.* (181 App. Div. 915); *Francavilla* v. *Mitchell, Inc.* (231 N. Y. 510).

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of CATHERINE H. KELCH, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, HENRY T. KELCH, March 23, 1920, as the Result of an Accident Alleged to Have Occurred on March 20, 1920, v. AMERICAN RAILWAY EXPRESS COMPANY, Employer and Self-Insurer, Appellant.— Award unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of LOUIS KATZ, Respondent, for Compensation under the Workmen's Compensation Law, v. A. KADANS & COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants. — *Award unanimously affirmed.*

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of HELEN WEGG, Alias HELEN WIGGS, Appellant, for Compensation under the Workmen's Compensation Law, v. ALLISON STORAGE AND TRANSFER Co., INC., Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Respondents.— Decision unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by JENNIE C. POHL, Widow, Appellant, in Behalf of Herself and Minor Children, for the Death of BERNARD J. POHL, Deceased, v. GENERAL ELECTRIC COMPANY, Employer and Self-Insurer, Respondent.— Decision unanimously affirmed on the ground that there is no evidence of a causai relation between the work of the deceased and the strangulation of the pre-existing hernia which caused his death.